### JOSEPH GRIEFENKAMP v. ROBERT BEAL ET AL.

**1. TO RETAIN POSSESSION AND SELL OR EXCHANGE INVALIDATES.**

A chattel mortgage which contains a provision allowing the mortgagor to retain possession of the property, with power of sale, although good between the parties, is invalid as against creditors, though the latter live on the property, who assert their rights against such property.

**2. PROVISION WHICH IMPLIES POWER TO SELL OR EXCHANGE.**

A provision in a chattel mortgage, under which the mortgagor retains possession, that "in case of the exchange of any of the above articles of personal property for other articles of the same kind in the course of said business, this mortgage is to operate as a lien upon the articles that may be acquired to take the place of such as may be exchanged or sold," while it conveys no express power to sell or exchange, clearly implies that such power is to be exercised and is within the rule above stated.

**3. FAILURE TO EXERCISE POWER DOES NOT VALIDATE.**

The mere fact that the power of sale or exchange, under a provision in a chattel mortgage by which the mortgagor was allowed to retain possession of the property and sell or exchange, does not change the rule or render the mortgage valid against creditors.

HEARD ON ERROR.

*John J. Gasser* and *Ed. M. Spangenberg*, for plaintiff in error.

*Martin M. Durrett* and *Sidney G. Stricker*, for defendants in error.

Hamilton Circuit Court.

GIFFEN, J.

The only question in this case is whether a chattel mortgage which contains a provision allowing the mortgagor to retain possession of the mortgaged property, with a power of sale, is valid as against a judgment creditor who has lived on the property.

The provision in the mortgage is as follows:

" It is agreed between the parties hereto that in case of the exchange of any of the above articles of personal property for other articles of the same kind in the course of said business, this mortgage is to operate as a lien upon the articles that may be acquired to take the place of such as may be exchanged or sold."

While this provision confers no express power either to sell or to exchange, yet the terms used clearly imply that such power was to be exercised by the mortgagor, and whether by sale or exchange is immaterial, as in either case it is a disposition of the property mortgaged.

In Collins v. Myers, 16 Ohio, 547, the syllabus is as follows:

" A mortgage of personal property, where the mortgagor retains possession of the property mortgaged with the power of sale, is void as against subsequent purchasers and execution creditors."

And at page 552, Read, J., says:

" The retention of possession on the part of the mortgagor is only a badge of fraud, which may be removed by showing the transaction was honest. * * * But a continuance of possession, with a power of disposition and sale, either express or implied, is quite a different thing."

To the same effect is the recent case of Francisco v. Ryan, 54 Ohio St., 307, 309.

The clause of the mortgage under consideration in that case is as follows:

" It is hereby understood that whatever portions of said stock that may be sold in general trade, that the goods purchased by the said grantor shall replace those that were so sold in general trade, and that this mortgage shall be a lien on same."

This stipulation grants no express power of sale or other disposition of the mortgaged property, yet the parties manifestly intended to give such power, and it may be fairly implied as the court did in that case. In the case before us, the power of exchange or sale was never exercised, the property at the time of the levy remaining the same as that covered by the mortgage ; but this fact does not change the rule that the mortgage, although good as between the parties, is void as against creditors, who assert their rights against the property.

Judgment affirmed.